UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PORTAGE WORLD-WIDE, INC. and
SU-HWEI LIN,

                              Plaintiffs,

     -against-

MANHATTAN PORTAGE, LTD.; JOHN
PETERS; JOHN WONG; and SERVICE
RETAIL UNLIMITED, INC.,

                              Defendants.

**ANSWER WITH
COUNTERCLAIMS**

**Docket No. 08 CV 1660 (JGK)**

Defendants Manhattan Portage, Ltd., John Peters, John Wong and Service Retail Unlimited, Inc. by their attorneys, Kaufmann, Feiner, Yamin, Gildin & Robbins LLP, as and for their Answer to the Amended Complaint, respectfully allege as follows:

1.      Deny knowledge and information sufficient to form a belief with respect to the allegations contained in paragraphs 1, 2, 26, 30, 32, 49, 50, 51, 52, 59, 60, 61, and of the Amended Complaint.

2.      Neither admit nor deny the allegations contained in paragraphs 7, 8, 9, 10, 11 and 12 of the Amended Complaint, but refer the conclusions of law contained therein to the Court.

3.      Deny each and every allegation contained in paragraph 15 of the Amended Complaint, except admit that prior to September 5, 2006, Manhattan Portage, Ltd. ("MPL") was the owner of U.S. Trademark Registration No. 2075388 (the "Manhattan Portage Trademark") and that the goods and services for which the mark was registered consisted of "soft luggage; shoulder bags, backpacks and all purposes sport bags."

4.      Deny each and every allegation contained in paragraph 16 of the Amended Complaint, except admit that for many years prior to September 5, 2006, the Manhattan Portage Trademark was used on goods manufactured by MPL and on goods which were marketed, sold and distributed by Plaintiff Portage World-Wide, Inc. ("PWW") pursuant to an agreement with MPL.

5.      Deny each and every allegation contained in paragraphs 21, 22 and 31 of the Amended Complaint, except admit the existence of the Agreement of Settlement, dated September 5, 2006 (the "Settlement Agreement") and refer the Court to a copy thereof of a full and accurate statement of its contents.

6.      Deny each and every allegation contained in paragraphs 23 and 24 of the Amended Complaint, except admit the existence of the License Agreement, dated September 5, 2006 (the "License Agreement") and refer the Court to a copy thereof of a full and accurate statement of its contents.

7.      Deny each and every allegation contained in paragraph 25 of the Amended Complaint, except admit that since at least the early 1980's, PWW and/or MPL have been continuously using the Manhattan Portage Trademark in commerce in connection with the marketing and sale of Branded Goods.

8.      Deny each and every allegation contained in paragraphs 18, 27, 28, 29, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 53, 54, 55, 56, 57, 58, 65, 66, 67, 68, 69, 70, 71, 72, 73, 75, 76, 77, 78, 79, 81, 82, 83, 84, 85, 86, 92, 93, 96, 98, 99, 101, 102, 103, 104, 106, 107, 108, 109, 110, 111, 113, 115, 116 and 117 of the Amended Complaint.

9.      Deny each and every allegation contained in paragraph 62 of the Amended Complaint, except admit that in or about July 2005, PWW delivered the T. Serv. patches to MPL.

10.     Deny each and every allegation contained in paragraph 74 of the Amended Complaint, except admit that MPL has manufactured goods bearing the logo "John Peters by Manhattan Portage."

11.     Deny each and every allegation contained in paragraph 80 of the Amended Complaint, except admit that the East Ninth Street store displays an outside sign and a neon window sign using the words Manhattan Portage.

12.     Deny each and every allegation contained in paragraph 83 of the Amended Complaint, except admit that, on or about December 11, 2007, Peters sent an e-mail to Lin and refer the Court to a copy of the e-mail for a full and in context statement of its contents.

13.     Deny each and every allegation contained in paragraph 87 of the Amended Complaint, except admit that the East Ninth Street store displays an outside sign and neon window sign using the words Manhattan Portage.

14.     Deny each and every allegation contained in paragraph 94 of the Amended Complaint, except admit that plaintiffs, through their counsel, sent Peters and MPL a letter on December 7, 2007, purporting to be a notice of termination ("Notice of Termination").

## FIRST AFFIRMATIVE DEFENSE

15.     The Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

16.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of election of remedies, which precludes plaintiffs' termination of the parties' License Agreement under the circumstances of this case.

## THIRD AFFIRMATIVE DEFENSE

17.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

## FOURTH AFFIRMATIVE DEFENSE

18.     Plaintiffs' claims are barred, in whole or in part, by the fair use doctrine.

## FIFTH AFFIRMATIVE DEFENSE

19.     Plaintiffs' claims are barred, in whole or in part, by defendants' good faith and descriptive use of the alleged trademarks.

## SIXTH AFFIRMATIVE DEFENSE

20.     Defendants' sale of plaintiffs' alleged trademarked goods does not violate the Lanham Act.

### SEVENTH AFFIRMATIVE DEFENSE

21.     Plaintiffs' claims for breach of contract are barred, in whole or in part, by plaintiffs' own breach of the Settlement Agreement and License Agreement.

### EIGHTH AFFIRMATIVE DEFENSE

22.     Defendants' alleged defamatory statements were true.

### COUNTERCLAIMS AGAINST PLAINTIFFS
### PORTAGE WORLD-WIDE, INC. AND SU-HWEI LIN

Defendants Manhattan Portage Ltd., John Peters, John Wong and Service Retail Unlimited, Inc, as and for their Counterclaims against Plaintiffs Portage World-Wide, Inc. and Su-Hwei Lin, hereby allege as follows:

1.     MPL is a corporation organized under the laws of the State of New York, with its principal office at 77 Cornell Street, Kingston, New York 12401.

2.     John Peters ("Peters") is a resident of the State of New York and is a principal shareholder and officer of MPL.

3.     Service Retail Unlimited, Inc. ("SRU") is a corporation organized under the laws of the State of New York.

4.     John Wong ("Wong") is a resident of the State of New York and is a principal shareholder and officer of SRU.

5.     PWW is a corporation organized under the laws of the State of New York, with its principal place of business at 110 Greene Street, New York, New York 10002.

6.     Su-Hwei Lin ("Lin") is a resident of the State of New York and is a principal shareholder and officer of PWW.

7.     On or about September 5, 2006, MPL, Peters, PWW and Lin executed a Settlement Agreement, a copy of which is annexed to the Amended Complaint.

8.     On or about September 5, 2006, PWW and MPL executed a License Agreement, a copy of which is annexed to the Amended Complaint.

9.    PWW and Lin have breached the Settlement Agreement and License Agreement by, *inter alia*:

    a.    Selling Branded Goods wholesale to existing MPL customers; and

    b.    Opening a retail store for sale of Branded Goods within the MPL Territory.

10.    On or about December 7, 2007, PWW and Lin, through their counsel, sent Peters and MPL a Notice of Termination of the License Agreement.

11.    Subsequent to the date of the Notice of Termination, the parties to the Settlement Agreement and License Agreement have continued to operate their businesses, pursuant to those agreements, as they had prior to that date.

## FIRST COUNTERCLAIM
### (Breach of Contract)

12.    Defendants repeat and reallege each and every allegation set forth in paragraphs 1-11 of this Counterclaim as if fully set forth herein.

13.    MPL and Peters have fully performed all of their obligations under the Settlement Agreement and License Agreement, except those made impossible or impracticable to perform by PWW and/or Lin's actions and/or omissions.

14.    PWW and Lin have breached the Settlement Agreement and License Agreement by, *inter alia*, selling Branded Goods at wholesale to existing MPL customers and by opening a retail store for the sale of Branded Goods in the MPL exclusive Territory.

15.    By virtue of their conduct, PWW and Lin have, in bad faith, deprived MPL and Peters of the benefits of the bargain as set forth in the Settlement Agreement and License Agreement.

16.    By reason of the foregoing, MPL and Peters have been damaged in a sum to be determined by the Court, but believed to be in excess of $500,000.

## SECOND COUNTERCLAIM
### (Declaratory Judgment)

17.     Defendants repeat and reallege each and every allegation set forth in paragraphs 1-16 of this Counterclaim as if fully set forth herein.

18.     Pursuant to 28 U.S.C. § 2201-2202, this Court has jurisdiction to determine disputes between the parties concerning their obligations and performance under the Settlement Agreement and License Agreement.

19.     A dispute currently exists between the parties as to whether they have properly discharged their respective duties and obligations under the Settlement Agreement and License Agreement, and whether PWW and Lin's purported termination of the License Agreement, by letter dated December 7, 2007, is enforceable under New York law.

20.     MPL and Peters respectfully request that the Court declare that plaintiffs' putative termination of the License Agreement, by letter from their counsel dated December 7, 2007, is null, void, and of no legal effect.

## THIRD COUNTERCLAIM
### (Declaratory Judgment)

21.     Defendants repeat and reallege each and every allegation set forth in paragraphs 1-20 of this Counterclaim as if fully set forth herein.

22.     Pursuant to 28 U.S.C. § 2201-2202, this Court has jurisdiction to determine disputes between the parties concerning Wong's use of signs using the words Manhattan Portage..

23.     A dispute currently exists between the parties as to whether Wong has the legal right to use the words Manhattan Portage on signs advertising his sale of merchandise manufactured by MPL.

24.     Wong respectfully requests that the Court declare that he may use signs containing the words Manhattan Portage on signs advertising his sale of merchandise manufactured by MPL

WHEREFORE, defendants request judgment against plaintiffs/counterclaim defendants as follows:

1.  Dismissing the Amended Complaint in its entirety;

2.  Awarding Manhattan Portage, Ltd. and John Peters damages in an amount to be determined at trial, but in any event, not less than $500,000;

3.  Declaring that plaintiffs' putative termination of the License Agreement, by letter from their counsel dated December 7, 2007, is null, void, and of no legal effect;

4.  Declaring that Wong has the legal right to use the words Manhattan Portage on signs advertising his sale of merchandise manufactured by MPL;

5.  Awarding Manhattan Portage, Ltd and John Peters punitive damages in an amount to be determined by the Court, but in any event not less than $2,000,000;

6.  Awarding Manhattan Portage, Ltd. and John Peters their costs, expenses and reasonable attorneys' fees; and,

7.  Awarding such other and further relief as to this Court may seem just and proper.

Dated:      New York, New York              KAUFMANN, FEINER, YAMIN,
            June 30, 2008                   GILDIN & ROBBINS LLP
                                            Attorneys for Defendants
                                            Manhattan Portage, Ltd, John Peters,
                                            John Wong and Service Retail Unlimited, Inc.


                                    By: _____
                                            Daniel Gildin (DG-9555)
                                            Kevin M. Shelley (KS-8149)
                                            777 Third Avenue
                                            New York, New York  10017
                                            212.755.3100